FLORENCE S. SCULL ET AL., PROSECUTORS, v. CITY OF OCEAN CITY ET AL., RESPONDENTS.

Submitted May 10, 1928—Decided June 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutors, *Bourgeois & Coulomb.*

For the respondents, *F. Stanley Kreps, Robert K. Bell* and *Andrew C. Boswell.*

PER CURIAM.

This writ was allowed after the appointment of commissioners to condemn lands for the purpose of erecting thereon an incinerating plant for Ocean City.

The land in question is known as "Finger Island," and the whole question involved is whether this land is within the boundaries of Ocean City or within Upper township in Cape May county. If it lies within the latter municipality then it may not be used for the purpose contemplated by Ocean City without the consent of the governing body of Upper township and its board of health. *Pamph. L.* 1917, *p.* 410.

This restriction is admitted, and, further, that such consents have not been obtained.

The prosecutor Florence S. Scull is the owner of the land in question and has paid taxes upon it in both Ocean City and Upper township for the same years.

The whole difficulty arises from the description in the legislative act creating Ocean City (*Pamph. L.* 1897, *p.* 107), and particularly in locating the second course—"thence northeasterly along said Beach thoroughfare to the most easterly channel of Peck's bay."

The pertinent factual inquiry is, What is and where is located "the most easterly channel of Peck's bay?"

From all the proofs the most persuasive, and to us controlling, is the testimony of several bay men who have spent their lives upon the waters about Ocean City. Their testimony is that there were and are channels in Peck's bay, and that the most easterly thereof extends from the southerly end of the bay along the easterly shore thereof into the mouth of Back thoroughfare, and thence along the Back thoroughfare and Beach thoroughfare to the main channel between Atlantic and Cape May counties in Great Egg Harbor bay. This would place "Finger Island" in Upper township, and we so find.

The proceedings in condemnation under review will therefore be set aside, with costs.